FILED
APRIL 9, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMAURY GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1710 |
| | ) | |
| v. | ) | Judge Charles Norgle |
| | ) | |
| USIS COMMERCIAL SERVICES, INC., | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND AMENDED COMPLAINT

### Preliminary Statement

1. Plaintiff, Amaury Garcia, brings this action against Defendant, USIS Commercial Services, Inc. ("USIS"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Defendant gave an inaccurate and outdated background check report about Mr. Garcia to a trucking company, which had already enrolled him into its orientation and training program. This report revealed expunged criminal history records and repeated those records multiple times, making Mr. Garcia's criminal record seem much more extensive than it actually was. Additionally, the report disclosed non-conviction information that was more than seven-years-old. Because of Defendant's inaccurate and outdated report, the trucking company dismissed Mr. Garcia from its training program, and Mr. Garcia suffered lost wages and substantial emotional distress.

### Parties

2. Plaintiff, Amaury Garcia, is a resident of the Northern District of Illinois.

3. Defendant, USIS Commercial Services, Inc. ("USIS") is a corporation headquartered in Tulsa, Oklahoma and is a consumer reporting agency as defined by 15 U.S.C. §

1

1681a. USIS is doing business in Illinois by providing Illinois employers with background check reports on prospective and current employees.

## Jurisdiction

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Illinois because Defendant USIS resides in this judicial district. 28 U.S.C. § 1391(b). For purpose of venue, Defendant USIS is deemed to reside in the Northern District of Illinois because it is subject to personal jurisdiction in this district. 28 U.S.C. § 1391(c)

## Jury Demand

6. Mr. Garcia demands a trial by jury on each and every claim to which he is so entitled.

## Factual Allegations

7. In July 2007, Mr. Garcia attended a truck driving school to obtain a license to drive commercial trucks. While he was on campus, Werner Enterprises, Inc. ("Werner") recruited him to work for its company.

8. In his employment application, Mr. Garcia stated that he had no criminal record.

9. Werner pre-approved Mr. Garcia's application.

10. On November 12, 2007, Mr. Garcia began a three-day orientation with Werner in Indianapolis.

11. After the orientation, Mr. Garcia was scheduled to participate in a paid training course.

12. On November 13, 2007, before Mr. Garcia began his training course, USIS issued Werner a consumer report (or criminal background check report) on Mr. Garcia for employment

purposes.

13.  Prior to furnishing the consumer report on Mr. Garcia, USIS did not obtain certification from Werner that Werner had complied with 15 U.S.C. § 1681b(b)(2) with respect to the report.

14.  The consumer report on Mr. Garcia revealed criminal history records that the Circuit Court of Cook County expunged on June 19, 2006, pursuant to the Illinois Criminal Identification Act, 20 ILCS 2630(a).

15.  Indeed, Mr. Garcia confirmed with the Clerk of the Circuit Court of Cook County that, as of October 24, 2007, its records did not disclose that he had been convicted of any crime.

16.  In addition, USIS' consumer report repeated criminal history records without clearly indicating that many of them referred to the same criminal case. For example, USIS' consumer report repeats a single criminal record (Case No. 03123479) three separate times.

17.  Finally, USIS' consumer report disclosed that Mr. Garcia had been convicted of a 1997 felony drug charge.

18.  In fact, the charge was dismissed, in October 2000, pursuant to Section 410 of the Illinois Controlled Substances Act.

19.  Mr. Garcia did not complete Werner's training program. Instead, a Werner representative informed Mr. Garcia about the criminal history records in the USIS consumer report and instructed Mr. Garcia to leave the program.

20.  Though Mr. Garcia told the Werner representative that his lawyer had helped him to expunge his records, the Werner representative insisted that Mr. Garcia leave Werner's facility immediately.

21.  The Werner representative also informed one of the orientation instructors that

Mr. Garcia was leaving the program because of his criminal record.

22. Between April 7, 2004 and the present, USIS issued approximately thirty-two consumer reports for employment purposes about Mr. Garcia.

23. Prior to furnishing these consumer report about Mr. Garcia, USIS did not obtain certification from the users of the reports that the users had complied with 15 U.S.C. § 1681b(b)(2) with respect to the report.

## Cause of Action

24. Plaintiff realleges and incorporates by reference all preceding allegations of law and fact.

25. Mr. Garcia is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

26. USIS is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681a(f).

27. In November 2007, USIS provided Werner a background check report about Mr. Garcia. That background check report was a "consumer report," as defined by the FCRA, 15 U.S.C. § 1681a(d).

28. In November 2007, USIS provided Werner a consumer report about Mr. Garcia for employment purposes.

29. That consumer report contained inaccurate and outdated information about Mr. Garcia.

30. USIS violated the FCRA, 15 U.S.C. § 1681e(b), by negligently or willfully failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in its November 2007 consumer report about Mr. Garcia. Specifically, USIS failed to

4

follow reasonable procedures to avoid the (a) disclosure of Mr. Garcia's expunged criminal history records, (b) misleading repetition of those criminal history records, and (c) description of Mr. Garcia's 1997 drug charge as a conviction.

31. Among other things, USIS should have had procedures in place to ensure that when employers requested Cook County criminal record information, USIS only provided information included in the Clerk's most updated version of its records.

32. Additionally, USIS should have had procedures in place to prevent the misleading repetition of criminal history records and the disclosure of outdated non-conviction information.

33. USIS violated the FCRA, 15 U.S.C. § 1681c(a), by disclosing a 1997 drug charge that resulted in a non-conviction more than seven years after the case was dismissed.

34. USIS violated the FCRA, 15 U.S.C. § 1681b(b)(1), by issuing consumer reports for employment purposes without first obtaining the users' certification that the user complied with the provisions mandating disclosures by users to consumers under 15 U.S.C. 1681b(b)(2).

35. Because of USIS' willful or negligent violations of 15 U.S.C. § 1681b(b), § 1681c(a), and § 1681e(b), Mr. Garcia was denied employment at Werner, thus suffering humiliation, embarrassment, mental anguish, emotional distress, and lost wages. *See* 15 U.S.C. § 1681n & o.

36. USIS's conduct was willful, rendering USIS liable for actual damages or statutory damages of between $100 and $1000, whichever is greater, and punitive damages in an amount to be determined by the Court. 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

37. Mr. Garcia is entitled to recover costs and attorney's fees from USIS pursuant to 15 U.S.C. § 1681n & o.

## **Prayer for Relief**

**WHEREFORE,** Plaintiff Amaury Garcia prays that this Court enter judgment in his favor and against Defendant USIS and award him:

- A. Monetary damages to compensate him for his lost wages and emotional distress;

- B. Statutory damages to compensate him for USIS's willful violations of 15 U.S.C. § 1681b(b)(1).

- C. Punitive damages to deter such willful conduct in the future;

- D. His court costs and the attorneys' fees incurred by his attorneys employed by the Sargent Shriver National Center on Poverty Law;

- E. Any other relief this Court deems just.

_s/ Christopher Wilmes_
One of the Plaintiff's Attorneys

Christopher Wilmes
Legal Assistance Foundation of Metropolitan Chicago
111 W. Jackson Blvd. Third Floor
Chicago, IL 60604
(312) 347-8371
Attorney No. 6287688

Marie Claire Tran
Sargent Shriver National Center on Poverty Law
50 E. Washington St., Suite 500
Chicago, IL 60602
(312) 263-3830
Attorney No. 6293967